Deborah Adeyanju, Plaintiff-Appellant,
against
118 Equities, LLC, Defendant-Respondent, and Robert Ezrapour, K & R Management, Inc., Ken Haron, Eytan Benyamin,Yoav Haron, Peter Franzese, P.E., The Board of Managers for the Rosa Parks Condominium, John Doe 1-8, XYZ Corp. 1-10, and Ann Walker McDowell, Defendants.



Plaintiff appeals from a judgment of the Civil Court of the City of New York, New York County (Jennifer G. Schecter, J.), entered on or about October 9, 2013, after a nonjury trial, in favor of defendant 118 Equities, LLC dismissing the complaint.




Per Curiam. 
Judgment (Jennifer G. Schecter, J.), entered or about October 9, 2013, affirmed, with $25 costs.
On a bench trial, the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not have been reached under any fair interpretation of the evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). Applying that standard of review here, we find no basis to disturb the trial court's dismissal, based upon a failure of proof, of plaintiff's claims against defendant 118 Equities, LLC, the condominium sponsor, for damages arising from water infiltration into her apartment. A fair interpretation of the evidence supports the finding that plaintiff did not demonstrate the cause of the water infiltration, or explain why the sponsor is responsible for it (cf. Liberman v Cayre Synergy 73rd LLC, 108 AD3d 426, 427 [2013]). It was within the province of the court to discount the testimony of plaintiff's expert, since he inspected the apartment years after infiltration began and multiple repairs had been made. The evidence permitted a finding that the expert's assessment of the apartment was too remote and his knowledge too limited, to adequately connect the sponsor to the water infiltration.
Plaintiff also failed to adduce any expert testimony concerning the existence of mold or toxins in her apartment caused by the sponsor's purported breaches (see Kent v 534 E. 11th St., 80 [*2]AD3d 106, 113-114 [2010]) or any resulting injury (see Lindkvist v Travelers Ins., 111 AD3d 452 [2013]). In this regard, we note that the contents of the reports of the mold remediation and mold testing companies were not admitted into evidence, inasmuch as plaintiff did not produce a witness to lay a foundation for admission of these documents. The reports were admitted only to show plaintiff's receipt of the reports. For similar reasons, plaintiff's medical records were admitted only for the purpose of showing that she received treatment, but not for the truth of any opinions expressed in the records.
We have considered plaintiff's remaining claims and find them lacking in merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 25, 2017